**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LYNN R. RIOS,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF COMMERCE,<br>　　　　　Agency. | DOCKET NUMBER<br>NY-1221-10-0261-B-1<br><br><br>DATE: December 8, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1*]

Rosemary Dettling, Esquire, Washington, DC, for the appellant.

Lindsay Young, Esquire, and Monique Cioffalo, Silver Spring, Maryland,
    for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which granted his request for corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review and AFFIRM the initial decision AS MODIFIED. Except for the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

modifications explicitly set forth in the "Order" section of this Final Order, the initial decision is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant is a Criminal Investigator (Special Agent) in pay band III with the National Marine Fisheries Service Office of Law Enforcement (OLE) in Puerto Rico, which is part of the Southeast Division.  He filed an IRA appeal in which he contended that the agency gave him a lower performance rating for rating year 2009 and did not support or forward his application for a noncompetitive promotion to pay band IV in December 2009 in retaliation for protected disclosures he made to the Department of Justice (DOJ) and others concerning a coworker, Special Agent (SA) H.  *Rios v. Department of Commerce*, MSPB Docket No. NY-1221-10-0261-W-1 (W-1 File), Initial Appeal File (IAF), Tab 1 at 5-6. The administrative judge found that the appellant failed to show that his disclosures were protected.  *Rios v. Department of Commerce*, MSPB Docket No. NY-1221-10-0261-W-2 (W-2 File), Initial Decision (July 17, 2012).   On review, the Board issued a Remand Order in which it found that the appellant showed by preponderant evidence that he made protected disclosures that were a contributing factor in a personnel action.  *Rios v. Department of Commerce*, MSPB Docket No. NY-1221-10-0261-W-2, Remand Order at 6-7 (June 14, 2013). The Board remanded the appeal for the administrative judge to determine whether the agency had shown by clear and convincing evidence that it would have taken the same actions in the absence of any protected disclosures.  Remand Order at 7-8.  The administrative judge thereafter issued a remand initial decision in which she found that the agency failed to prove by clear and convincing evidence that it would have taken the same actions absent the appellant's protected activity.  *Rios v. Department of Commerce*, MSPB Docket No. NY-1221-10-0261-B-1 (B-1 File), Remand Initial Decision (RID) at 14-17.   She ordered the agency to reevaluate and recompute the appellant's 2009 rating and award the appellant any pay adjustments that would have occurred as a result of the adjustments.  RID at 17.   She further ordered the agency to reevaluate his 2009 promotion

application and determine whether he would have been promoted to pay band IV at that time.  RID at 17.  The appellant has filed a petition for review in which he contends that the remedy that the administrative judge ordered is inadequate and that he is entitled to a higher rating and a retroactive promotion.  B-1 File, Petition for Review (PFR) File, Tab 1.  The agency responds in opposition to the petition for review.  PFR File, Tab 3.

¶3        The Whistleblower Protection Act of 1989, as amended, requires that the Board order corrective action where the Board finds that the personnel action would not have been taken absent the protected whistleblowing activity.  *See* 5 U.S.C. § 1221(e)(2); *Morgan v. Department of Energy*, 81 M.S.P.R. 48, ¶ 14 (1999).  If the Board orders corrective action, such corrective action may include that the individual be placed, as nearly as possible, in the position the individual would have been in had the prohibited personnel action not occurred, *see* 5 U.S.C. § 1221(g)(1)(A)(i), i.e., in the status quo ante, *see Armstrong v. Department of Justice*, 107 M.S.P.R. 375, ¶ 34 (2007).

¶4        In cases such as this where the underlying personnel action is a performance appraisal, it can be difficult to determine what an appellant's performance rating would have been had the agency not considered impermissible factors.  Here, however, the difference between the appellant's 2009 rating and his 2008 rating is 5 points in a single critical element, "Investigations."  W-1 File, IAF, Tab 12 at 30, Tab 18, Subtab 4V at 9.  The agency attributed the difference to the appellant's poor communication with SA H, his conduct of the investigation involving H, and his failure to give his supervisors an opportunity to review his report before he sent it to DOJ.  W-2 File, IAF, Tab 13 at 11 of 53.  We find, as did the administrative judge, that the decision to lower the appellant's performance rating relative to the prior year was based primarily on reasons that should not have been considered.  *See* RID at 14.  The agency presented no evidence of any other performance issues that were *not* improperly considered that would account for the difference in the "Investigations" score between

performance years 2008 and 2009. Under the circumstances, it is appropriate to order the agency to raise the appellant's performance rating to the same score he received in the previous year, and award him a pay adjustment consistent with what other Special Agents in pay band III with similar scores received. *See Ingram v. Department of the Army*, 116 M.S.P.R. 525, ¶¶ 18-19 (2011) (where the agency proffered no satisfactory nonretaliatory explanation to justify the appellant's performance rating, he was entitled to a revised rating consistent with his rating from the prior year).

¶5        It is not clear whether the appellant would have been promoted but for his protected whistleblowing. *See Morgan*, 81 M.S.P.R. 48, ¶ 14. The promotion was noncompetitive and his application never received fair consideration. Even absent consideration of the appellant's whistleblowing, the agency may or may not have promoted the appellant after an honest assessment of his skills and abilities, particularly his ability to manage the most complex criminal investigations. *See* W-2 File, IAF, Tab 13 at 7 of 39. Therefore, we do not agree that the appellant is entitled to a promotion at this point and agree with the administrative judge that the proper remedy in this case is for the agency to give the appellant's application for promotion fair and objective review based on merit factors and not on prohibited factors, and to award the appellant a retroactive promotion with back pay if the record shows that the agency would have promoted the appellant absent his whistleblowing.[2]

¶6        The appellant naturally has concerns as to whether his application can receive objective consideration at the agency, and he asserts that the administrative judge's order places his application for promotion in front of the same agency managers who retaliated against him in the first place. PFR File,

[2] In so concluding, we note that the appellant stated in his initial appeal form that he is "seeking that [his] GS-13 package . . . be reevaluated by an objective panel to determine if [he] qualif[ies] for the promotion, any interest and back pay [he] would be entitled . . . from the time [he]should have been promoted until [the] present." W-1 File, IAF, Tab 1 at 6.

Tab 1 at 8-10. We acknowledge the appellant's concerns and note that the first- and second-level supervisors who retaliated against the appellant are now his second- and third-level supervisors. Indeed, the appellant's former second-level supervisor is now the Special Agent in Charge of the Southeast Division and every employee of the Southeast Division ultimately is under his supervision and managerial control. While it is not appropriate to interfere in the agency's substantive decision concerning the appellant's qualifications, we find that it is appropriate to afford the appellant as nearly as practicable the same review process applicable to other candidates, *see* W-2 File, IAF, Tab 13 at 7-21, but with limitations as to who may participate in the review process in order to minimize the intentional or unintentional introduction of bias into the process.

## ORDER

¶7        We ORDER the agency to modify the appellant's 2009 performance rating such that he receives the same rating as he did for performance year 2008. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency shall then award the appellant a retroactive pay increase consistent with the pay increase that other Special Agents in pay band III with similar rating scores received in 2009, along with any other pay increases after 2009 that would have been affected by the 2009 pay increase.

¶8        We also ORDER the agency to convene a National Review Panel of seven members, consistent with OLE National Directive No. 165, Special Agents Promotions from ZA-III to ZA-IV, and review the appellant's application for promotion to pay band IV on its merits, without consideration of any improper factors. The agency shall follow the process set forth in OLE National Directive No. 165 subject to the following modifications. We ORDER that no one with any direct knowledge of this case, no one in the appellant's chain of command from April 2009 through the date of this Order, and no current employee of the Southeast Division shall participate in any way in the consideration of the

appellant's application, with the exception of the current OLE Director. If the agency determines that the appellant meets the criteria for promotion, it shall promote him retroactive to the date on which the other successful candidates for promotion in December 2009 were promoted. In any event, the agency shall make a written report of the panel's findings as to whether the appellant meets the criteria for promotion.

¶9    The agency must complete these actions no later than 20 days after the date of this decision.

¶10    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, if appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶11    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶12    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶13    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
CONSEQUENTIAL DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages.  To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.204.  If you believe you meet these requirements, you must file a motion for consequential damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You

must file your motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE PARTIES**

A copy of the decision will then be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 1221(f)(3).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If

you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.



| | DFAS CHECKLIST |
|---|---|
| | **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

    a. Outside earnings with copies of W2's or statement from employer.
    b. Statement that employee was ready, willing and able to work during the period.
    c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



# NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.